UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:14-cv-21358-CMA

LILIAN SANTOS, individually,
    Plaintiff,

v.

ASHFORD UNIVERSITY, LLC, a foreign
limited liability company, and BRIDGEPOINT
EDUCATION, INC., a foreign corporation,          **JURY DEMAND**
    Defendants.
_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff LILIAN SANTOS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendants ASHFORD UNIVERSITY, LLC and BRIDGEPOINT EDUCATION, INC. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") or a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because Defendants conduct business in this District by regularly placing telephone solicitation calls, sending mail, and providing online educational services in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

## PARTIES

5. Plaintiff LILIAN SANTOS is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendants were calling.

6. Defendant ASHFORD UNIVERSITY, LLC ("Ashford University") is a California limited liability company and a so-called "Online University" purporting to offer various educational degrees. ASHFORD UNIVERSITY, LLC operates from principal offices located at 400 N. Bluff Blvd., Clinton, IA 52732.

7. Defendant BRIDGEPOINT EDUCATION, INC. ("Bridgepoint Education") is a Delaware corporation and the principal owner of Defendant Ashford University. Bridgepoint Education owns, operates, and maintains the automatic telephone dialing systems and calls centers used to perform the telemarketing of Defendant Ashford University. Bridgepoint Education operates from principal offices located at 13500 Evening Creek Drive, Suite 600, San Diego, CA 92128.

## FACTUAL ALLEGATIONS

8. Plaintiff obtained her cellular telephone and number in or about February 2013. This number is XXX-XXX-8920.[1]

9. Shortly thereafter, Plaintiff began receiving voluminous automated telephone calls purporting to come from Defendant Ashford University.

10. Plaintiff's cellular telephone indicated that these calls came from telephone number 866-685-0150, which is assigned to Defendant Ashford University.

---

[1] Plaintiff has redacted the full telephone number in the interests of protecting Plaintiff's personal privacy.

2

11. Whenever Plaintiff received a call from this number, she was met with a noticeable period of "dead air" while the caller's automated telephone system attempted to connect her to a live telephone agent.

12. On occasions where the Plaintiff answered the call and spoke to an agent, the agent advised that he or she was calling from Defendant Ashford University, and that they were seeking someone named "Jerry" who had inquired about educational services.

13. Plaintiff has never done business with Ashford University, and does not know anybody by the name of Jerry.

14. Plaintiff advised Defendant Ashford University on several occasions that it had called the wrong person, but the calls nonetheless continued.

15. Defendant Ashford University made these calls at the direction and control of its parent company, Defendant Bridgepoint Education.

16. Defendant Bridgepoint Education maintains and operates the call centers through which Defendant Ashford University conducts its telemarketing campaign, including the calls to Plaintiff.

17. Defendant Bridgepoint Education's call centers operate using Avaya-brand predictive dialer systems, which have the capacity to dial numbers without any human intervention in the calling process, and which the FCC has ruled are automatic telephone dialing systems. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

18. In sum, Defendants made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

19. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates paragraphs 1 through 19 herein.

21. Defendant Ashford University violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

22. Defendant Ashford University placed the aforementioned telephone calls at the direction and control of Defendant Bridgepoint Education, and consequently, Defendant Bridgepoint Education is vicariously liable for Ashford University's violations of the TCPA.

WHEREFORE, Plaintiff LILIAN SANTOS, requests that the Court enter judgment in favor of Plaintiff and against Defendants ASHFORD UNIVERSITY, LLC and BRIDGEPOINT EDUCATION, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

  b.  $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

  c.  a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

  e.  litigation expenses and costs of the instant suit; and

  f.  such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 16th day of May, 2014.

        BRET L. LUSSKIN, Esq.
        *Attorney for Plaintiff*
        20803 Biscayne Blvd., Ste 302
        Aventura, Florida 33180
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

      By: /s/ Bret L. Lusskin, Esq.
        Bret L. Lusskin, Esq.
        Florida Bar No. 28069

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of May, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

        BRET L. LUSSKIN, Esq.
        *Attorney for Plaintiff*

>20803 Biscayne Blvd., Ste 302
>Aventura, Florida 33180
>Telephone: (954) 454-5841
>Facsimile: (954) 454-5844
>blusskin@lusskinlaw.com
>
>By: /s/ Bret L. Lusskin, Esq.
>    Bret L. Lusskin, Esq.
>    Florida Bar No. 28069